HILARY POTASHNER (Bar No. 167060)
Acting Federal Public Defender
MARK R. DROZDOWSKI (Bar No. 166669)
(E-Mail: Mark_Drozdowski@fd.org)
AZRA HOT (Bar No. 247575)
(E-Mail: Azra_Hot@fd.org)
Deputy Federal Public Defenders
ANDREA A. YAMSUAN (Bar No. 299156)
(E–Mail: Andrea_Yamsuan@fd.org)
Research & Writing Specialist
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0310

Attorneys for Petitioner
RICHARD LUCIO DE HOYOS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RICHARD LUCIO DE HOYOS,<br><br>        Petitioner,<br><br>  v.<br><br>KELLY MITCHELL, Warden, California State Prison at San Quentin,<br><br>        Respondent. | Case No. CV 14-1868-BRO<br><br>**DEATH PENALTY CASE**<br><br>**DECLARATION OF MARK R. DROZDOWSKI FOR PETITIONER REGARDING JOINT STIPULATION** |

## **DECLARATION OF MARK R. DROZDOWSKI**

I, Mark R. Drozdowski, declare:

1. I am a Deputy Federal Public Defender with the Office of the Federal Public Defender for the Central District of California. I represent Richard De Hoyos in the above-captioned case. The state court record has not yet been lodged in this case. Accordingly, I make this declaration to try to assist the Court in assessing the joint stipulation and proposed order filed concurrently herewith by providing a timeline of key dates in Mr. De Hoyos's case. The Attorney General does not join in this declaration.

2. I attach true and correct copies of the dockets for Mr. De Hoyos's state direct appeal (California Supreme Court case no. S034800) and state habeas corpus action (California Supreme Court case no. S199918) challenging his Orange County death judgment. I printed the dockets from the California Supreme Court's website.

3. The dockets show that the judgment of death against Mr. De Hoyos was filed on August 27, 1993.

4. On August 11, 1998, Michael B. Dashjian and Charles R. Khoury, Jr. were appointed to represent De Hoyos on direct appeal.

5. On May 24, 1999, Michael A. Mendelson was appointed to represent De Hoyos in his state habeas corpus action.

6. On August 25, 2004, the California Supreme Court vacated Mendelson's appointment and appointed Michael G. Millman, Executive Director of the California Appellate Project in San Francisco, as De Hoyos's interim state habeas corpus counsel.

7. On December 15, 2004, the court (1) granted the motions by Dashjian and Khoury to withdraw as appellate counsel; (2) appointed the State Public Defender in their place; (3) vacated the order appointing Millman as interim state habeas counsel; and (4) appointed the Habeas Corpus Resource Center as state habeas counsel.

8. On December 15, 2008, De Hoyos filed his appellant's opening brief in his direct appeal.

2

9. He filed his reply brief on appeal on August 8, 2011.

10. On February 6, 2012, De Hoyos filed his first state habeas corpus petition within the presumptively timely deadline.

11. The State filed an informal response to the habeas petition on September 11, 2012.

12. On July 8, 2013, the California Supreme Court filed an opinion affirming the judgment on appeal.

13. On September 18, 2013, the court denied De Hoyos's petition for rehearing on appeal and issued the remittitur.

14. De Hoyos filed his informal reply in support of his habeas petition on December 2, 2013.

15. On October 1, 2014, the California Supreme Court summarily denied De Hoyos's habeas petition on the merits without citation to the time bars of *In re Clark*, 5 Cal. 4th 750, 855 P.2d 729, 21 Cal. Rptr. 2d 509 (1993), or *In re Robbins*, 18 Cal. 4th 770, 959 P.2d 311, 77 Cal. Rptr. 2d 153 (1998).

16. The dockets do not show that De Hoyos filed a petition for a writ of certiorari in the United States Supreme Court.

17. 28 U.S.C. § 2263(b)(2) tolls Chapter 154's 180-day limitations period "from the date on which the first petition for post-conviction review or other collateral relief is filed until the final State court disposition of such petition . . . ."

18. Based on my calculations, the last day to timely file a federal habeas petition under Chapter 154's 180-day limitations period, were it to apply retroactively to this case, is March 30, 2015.

19. Based on my calculations, the last day to timely file a federal habeas petition under the one-year limitations period of 28 U.S.C. § 2244(d) is October 1, 2015.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 11, 2015 at Los Angeles, California.

                                                               */s/  Mark R. Drozdowski*
                                                               MARK R. DROZDOWSKI